39 F.3d 1188
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bardwin Kevin BAYS, Defendant-Appellant.
 No. 93-10758.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1994.*
Decided Oct. 28, 1994.
 
 Before: GOODWIN, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bardwin Kevin Bays appeals his jury conviction, after his second trial, for possession with intent to distribute cocaine and aiding and abetting in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. Bays also appeals the denial of his motion for a new trial. We affirm.
 
 
 3
 Bays contends that the evidence presented against him was insufficient to establish that he knowingly possessed cocaine. However, Bays does not contest that he carried two gym bags, each containing five kilograms of cocaine, into the hotel room where the drug transaction was intended to take place. In some instances, mere possession of a substantial quantity of narcotics is sufficient to support an inference that a defendant knowingly possessed the narcotics. See United States v. Barbosa, 906 F.2d 1366, 1368 (9th Cir.), cert. denied, 498 U.S. 961 (1990); United States v. Collins, 764 F.2d 647, 652 (9th Cir.1985). Moreover, the government presented additional evidence demonstrating Bays' knowledge. The government presented evidence that Bays rented the hotel room in which the drug transaction took place and that he hid the bags in a prearranged spot under the bed in the room. This evidence, viewed in the light most favorable for the prosecution, was sufficient for a rational trier of fact to find the essential elements of the crime, including the element of knowledge, beyond a reasonable doubt.
 
 
 4
 Bays also contends that the district court erred in denying his motion for a new (third) trial. An appeal of a district court's decision to grant or deny a new trial is reviewed not merely for abuse of discretion, but for a clear and manifest abuse of discretion. See United States v. Alston, 974 F.2d 1206, 1211-12 (9th Cir.1992). The district court was free independently to weigh the evidence and to consider the credibility of witnesses, and the record reveals no errors in the district court's endeavor to do so. In light of the evidence against Bardwin Bays and the contradictions in the potentially exculpating testimony of his father, Lloyd Bays, we cannot say that the district court's denial of the motion for a new trial was an abuse of discretion.
 
 
 5
 Finally, we have also considered Bays' suggestion that the district court's evidentiary rulings prior to his second trial somehow violated principles of double jeopardy, collateral estoppel or res judicata, and we find them to be without merit. See United States v. Tamez, 941 F.2d 770, 774-75 (9th Cir.1991) (holding that co-conspirators' hearsay statements may be introduced to prove the preliminary facts of a conspiracy and a defendant's involvement in it).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3